1  MARC J. WINTHROP – State Bar No. 63218
   mwinthrop@winthropcouchot.com
2  GARRICK A. HOLLANDER – State Bar No. 166316
   ghollander@winthropcouchot.com
3  JEANNIE KIM – State Bar No. 270713
   jkim@winthropcouchot.com
4  **WINTHROP COUCHOT**
   **PROFESSIONAL CORPORATION**
5  660 Newport Center Drive, Suite 400
   Newport Beach, CA 92660
6  Telephone:   (949) 720-4100
   Facsimile:   (949) 720-4111
7
8  General Insolvency Counsel
   for Debtor and Debtor-in-Possession
9
10

FILED & ENTERED

NOV 25 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY nbolte     DEPUTY CLERK

11              **UNITED STATES BANKRUPTCY COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                  **SANTA ANA DIVISION**

14

15  In re:                          Case No. 8:15-bk-13153 SC

16  LOCAL CORPORATION, a Delaware   Chapter 11 Proceeding
    corporation,
17                                  **ORDER APPROVING: (A) SALE OF**
                                    **SUBSTANTIALLY ALL ASSETS OF THE**
18              Debtor and          **ESTATE; (B) ASSUMPTION AND**
                Debtor-in-Possession.  **ASSIGNMENT OF CERTAIN EXECUTORY**
19                                  **CONTRACTS; AND (C) REJECTION OF**
                                    **EXECUTORY CONTRACTS**
20

21                                  Date:       November 19, 2015
                                    Time:       11:00 a.m.
22                                  Place:      Courtroom 5C
                                                411 W. Fourth St.
23                                              Santa Ana, California 92701

24

25

26

27

28

Order#147330/#fa4968b1-01cd-4b66-8d3b-afc55f753a16

Upon the *Debtor's Motion for Order (1) Approving the Sale of Substantially All Assets of the Estate Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363; (2) Authorizing the Assumption and Assignment of Certain Executory Contracts; and (3) Authorizing the Rejection of the Debtor's Interests, if any, in Certain Executory Contracts* (the "Sale Motion")[1] of Local Corporation, the debtor and debtor in possession in the above-captioned chapter 11 proceeding (the "Debtor"), for entry of an order (the "Sale Order"):  (a) approving the sale of substantially all assets of the Debtor's estate free and clear of all liens, liabilities, claims, interests, and other encumbrances; (b) authorizing the Debtor to assume and assign certain executory contracts; and (c) authorizing the rejection of certain executory contracts; and this Court, in furtherance of the Sale Motion, having entered an order on October 22, 2015 [Docket No. 210] (the "Bidding Procedures Order") approving, among other things, the proposed Bidding Procedures appended to the Bidding Procedures Order, the Expense Reimbursement for Media.Net Advertising FZ-LLC, a limited liability company organized in the Dubai Internet City Free Zone of the United Arab Emirates ("Media.Net Advertising"), and notice of the Sale; and the Debtor having determined, after an extensive marketing process, and auction, that Media.Net Advertising, TradeIn.com, Greentree Recycling, and Wet Seal have submitted the highest or otherwise best bids for the assets; and upon adequate and sufficient notice of the Sale Motion, the Bidding Procedures, the Auction, the APA, and all other related transactions contemplated thereunder and in this Sale Order having been given in the manner directed by the Court in the Bidding Procedures Order; and all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; and the Court having (i) reviewed and considered  the Sale Motion and all relief related thereto, (ii) reviewed and considered objections thereto, and (iii) having heard statements of counsel and the evidence presented in support of the relief requested by the Debtor in the Sale Motion at a hearing before the Court on November 19, 2015 (the "Sale Motion Hearing"); and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion or the Asset Purchase Agreement entered into by and between the Debtor and Media.Net (the "APA"), as applicable.

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

1   Sale Motion and at the Sale Motion Hearing establish just cause for the relief granted herein; and

2   it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its

3   estate, its creditors, and all other parties in interest; and upon the record of the Sale Motion

4   Hearing and all other pleadings and proceedings in this chapter 11 case, including the Sale

5   Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

6   **THE COURT HEREBY FINDS AND DETERMINES THAT:[2]**

7   **Jurisdiction, Final Order, and Statutory Predicates**

8       A.    This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28

9   U.S.C. §§ 157(b)(1) and 1334(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),

10  (N) and (O).  Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and

11  1409.

12      B.    The statutory predicates for the relief requested in the Sale Motion are sections

13  105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007

14  and 9014.

15      C.    This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

16  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under

17  Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable

18  by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the

19  implementation of this Sale Order, waives any stay and expressly directs entry of judgment as set

20  forth herein.

21  **Notice of the Sale, Auction, and Cure Costs**

22      D.    Actual written notice of the Sale Motion, and a reasonable opportunity to object or

23  be heard with respect to the Sale Motion and the relief requested therein, has been afforded to all

24  known interested entities, including, but not limited to the following parties (the "Notice Parties"):

25

26  [2]  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant
to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  All findings of fact

27  and conclusions of law announced by the Court at the Sale Motion Hearing in relation to the Sale Motion are hereby
incorporated herein to the extent not inconsistent herewith.  To the extent that any of the following findings of fact

28  constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law
constitute findings of fact, they are adopted as such.

(i) the U.S. Trustee; (ii) the Committee; (iii) counsel to Media.Net Advertising; (iv) all parties who have expressed a written interest in some or all of the Debtor's assets; (v) all known holders of liens, encumbrances, and other claims secured by the assets; (vi) all known creditors of the Debtor; (vii) the Internal Revenue Service; (viii) all applicable state and local taxing authorities; (ix) each governmental agency that is an interested party with respect to the Sales and transactions proposed thereunder; and (x) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

E.    Actual written notice of the auction for the Sale of the assets that was scheduled for November 17, 2015 (the "Auction"), the Sale Motion Hearing, the sale of the assets, and a reasonable opportunity to object or be heard with respect thereto, has been afforded to all known interested entities, including, but not limited to the Notice Parties.

F.    Notice of the Auction, Sale Motion Hearing, and Sale was timely, proper, and reasonably calculated to provide the Notice Parties and all other interested parties with timely and proper notice of the Auction, the Sale, and the Sale Motion Hearing.

G.    In accordance with the provisions of the Bidding Procedures Order, the Debtor has served notice that includes cure costs for all executory contracts to be assumed and assigned upon the contract counterparties for all such executory contracts that the Debtor seeks to assume and assign.  The service of such notice was good, sufficient, and appropriate under the circumstances. Each of the contract counterparties has had or will have had an opportunity to object to the cure costs set forth in the notice and to the assumption and assignment of executory contracts to Media.Net Advertising or one or more of its designated affiliates ("Media.Net").

H.    As evidenced by the affidavits of service and affidavits of publication previously filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion, the Auction, the Sale Motion Hearing, the Sale, and the transactions contemplated thereby, including without limitation, the assumption and assignment of executory contracts to Media.Net (collectively, the "Transferred Agreements") as set forth on Exhibit "3" to the Exhibits to Order Approving: (A) Sale of Substantially All Assets of the Estate; (b) Assumption and Assignment of Certain Executory Contracts; and (C) Rejection of Executory Contracts filed concurrently with

-4-

1    this Sale Order [Docket no. 247] ("Exhibits to Sale Order"), has been provided in accordance with

2    the Bidding Procedures Order and sections 105(a), 363, and 365 of the Bankruptcy Code and

3    Bankruptcy Rules 2002, 6004, 6006, 9007, and 9008. The notices described herein were good,

4    sufficient, and appropriate under the circumstances, and no other or further notice of the Sale

5    Motion, the Auction, the Sale Motion Hearing, the Sale, or the assumption and assignment of the

6    Transferred Agreements to Media.Net are or shall be required.

7          I.    The disclosures made by the Debtor concerning the Sale Motion, the Agreement,

8    the Auction, the Sale Motion Hearing, the Sale, and the assumption and assignment of the

9    Transferred Agreements to Media.Net were good, complete and adequate.

10         J.    A reasonable opportunity to object and be heard with respect to the Sale and the

11   Sale Motion and the relief requested therein (including the assumption and assignment of the

12   Transferred Agreements to each of the Successful Bidders and any cure costs related thereto), has

13   been afforded to all interested persons and entities, including the Notice Parties.

14   **Good Faith of Successful Bidders**

15         K.    The APA, all Collateral Agreements (as defined in the APA) and the bills of sales

16   with TradeIn.com, Greentree Recycling, and Wet Seal (collectively, the "Agreements"), were

17   negotiated, proposed, and entered into by the Debtor and each of the Successful Bidders without

18   collusion, in good faith, and from arms-length bargaining positions.

19         L.    Neither the Debtor nor the Successful Bidders have engaged in any conduct that

20   would cause or permit the Agreements to be avoided under Bankruptcy Code section 363(n).

21   Specifically, the Successful Bidders have not acted in a collusive manner with any person and the

22   Purchase Prices were not controlled by any agreement among the bidders.

23         M.    Each of the Successful Bidders is purchasing the respective assets in good faith and

24   is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code. The

25   Successful Bidders have proceeded in good faith in all respects in connection with the Sale

26   including, but not limited to: (a) agreeing to subject its bid to the competitive bidding process

27   contemplated in the Bidding Procedures Order in good faith; (b) complying with the provisions in

28   the Bidding Procedures Order; (c) neither inducing nor causing the chapter 11 filing by the

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

Debtor; and (d) disclosing all payments to be made by the Successful Bidders in connection with the Sales.  The Successful Bidders are therefore entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code.

### Highest and Best Offer

N.      The Debtor conducted a sale process in accordance with, and has otherwise complied in all respects with, the Bidding Procedures Order.  The sale process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the assets.  The Auction was duly noticed in a noncollusive, fair, and good faith manner, and a reasonable opportunity has been given to any interested party to make a higher or otherwise better offer for the assets.

O.      After conclusion of the bidding, and after consultation with Siemer & Associates, the Debtor's investment banker, the Debtor determined that the following summary of transactions (collectively, the "Sales"), consisting of the assets/business lines and successful bidders (collectively, the "Successful Bidder") identified below, constitute the highest or otherwise best bids received for the assets, and the overall offer made in connection with the assets:

| SUCCESSFUL BIDDER | ASSETS | CONSIDERATION |
|---|---|---|
| Media.Net Advertising | O&O Business, nQuery, and Krillion – See APA (**Exhibit 1**) | $3,120,000 |
| TradeIn.com | Miscellaneous office equipment – See Bill of Sale (**Exhibit 2**) | 6,120 |
| Greentree Recycling | Miscellaneous office equipment – See Bill of Sale (**Exhibit 2**) | 0 |
| Wet Seal | Miscellaneous office equipment – See Bill of Sale (**Exhibit 2**) | 20,000 |
| | **Total Purchase Price** | **$3,146,120** |

P.      The Agreements constitute the highest or otherwise best offers for the assets, and will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative.  The Debtor's determination that the Agreements constitute the highest or otherwise best offers for the assets constitutes a valid and sound exercise of the Debtor's business judgment.

Q.      The Agreements represent a fair and reasonable offer to purchase the assets under the circumstances of this chapter 11 case.  No other entity or group of entities has offered to purchase the assets for greater overall value to the Debtor's estate than the Successful Bidders.

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

R.      Approval of the Sale Motion and the Agreement and the consummation of the transactions contemplated thereby are in the best interests of the Debtor's chapter 11 estate, its creditors, and other parties in interest.

### No Fraudulent Transfer or Merger

S.      The consideration provided by the Successful Bidders pursuant to each of the Agreements (i) is fair and reasonable, (ii) is the highest or best offer for the assets, and (iii) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.  No other person or entity or group of entities has offered to purchase the assets for greater overall value to the Debtor's estate than the Successful Bidders.  Approval of the Sale Motion and the Agreement and the consummation of the transactions contemplated thereby are in the best interests of the Debtor, its estate, creditors and other parties in interest.

T.      The Successful Bidders are not a mere continuation of the Debtor or its estate and there is no continuity of enterprise between the Successful Bidders and the Debtor.  The Successful Bidders are not holding themselves out to the public as a continuation of the Debtor. The Successful Bidders are not successors to the Debtor or its estate and the Sales do not amount to a consolidation, merger, or de facto merger of the Successful Bidders and the Debtor.

### Validity of Transfer

U.      The Debtor has, to the extent necessary or applicable, (i) full corporate power and authority to execute and deliver the Agreements and all other documents contemplated thereby, (ii) all corporate authority necessary to consummate the transactions contemplated by the Agreements, and (iii) taken all corporate action necessary to authorize and approve the Agreement and the consummation of the transactions contemplated thereby.  The Sales have been duly and validly authorized by all necessary corporate action.  No consents or approvals, other than those expressly provided for in the Agreements, are required for the Debtor to consummate the Sales, the Agreements, or the transactions contemplated thereby.

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

V.    The Agreements were not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia.  Neither the Debtor nor any of the Successful Bidders is entering into the transactions contemplated by the Agreements fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

W.    The Debtor is the sole and lawful owner of the assets.  Subject to section 363(f) of the Bankruptcy Code, the transfer of each of the assets to each the Successful Bidders will be, as of the Closing Date, a legal, valid, and effective transfer of the assets, which transfer vests or will vest the Successful Bidders with all right, title, and interest of the Debtor to the assets free and clear of (i) all liens and encumbrances relating to, accruing, or arising any time prior to the Closing Date (collectively, the "Liens") and (ii) all debts arising under, relating to, or in connection with any act of the Debtor or claims (as that term is defined in Section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guaranties, options in favor of third parties, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, rights with respect to Claims (as defined below) and Liens (A) that purport to give to any party a right of setoff or recoupment against, or a right or option to affect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Debtor's or the Successful Bidder's interests in the assets, or any similar rights, or (B) in respect of taxes, restrictions, rights of first refusal, charges of interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, as defined in this clause (ii), "Claims"), relating to, accruing or arising any time prior to the Closing Date, with the exception of Assumed Liabilities that are expressly assumed by Successful Bidders under each of the Agreements.

**Section 363(f) Is Satisfied**

X.     The conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtor may sell the assets free and clear of any interest in the property other than the Assumed Liabilities.

Y.     Successful Bidders would not have entered into the Agreements and would not consummate the transactions contemplated thereby if the sale of the assets to the Successful Bidders and the assumption of any Assumed Liabilities by the Successful Bidders were not free and clear of all Liens and Claims, other than the Assumed Liabilities, or if the Successful Bidders would, or in the future could, be liable for any of such Liens and Claims (other than the Assumed Liabilities).  Unless otherwise expressly included in Assumed Liabilities, the Successful Bidders shall not be responsible for any Liens or Claims, including in respect of the following: (i) any labor or employment agreements; (ii) all mortgages, deeds of trust and security interests; (iii) intercompany loans and receivables of the Debtor, (iv) any pension, welfare, compensation, or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plan of any Debtor; (v) any other employee, worker's compensation, occupational disease, or unemployment or temporary disability related claim, including, without limitation, claims that might otherwise arise under or pursuant to (A) the Employee Retirement Income Security Act of 1974, as amended, (B) the Fair Labor Standards Act, (C) Title VII of the Civil Rights Act of 1964, (D) the Federal Rehabilitation Act of 1973, (E) the National Labor Relations Act, (F) the Worker Adjustment and Retraining Act of 1988, (G) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (H) the Americans with Disabilities Act of 1990, (I) the Consolidated Omnibus Budget Reconciliation Act of 1985, (J) state discrimination laws, (K) state unemployment compensation laws or any other similar state laws, or (L) any other state or federal benefits or claims relating to any employment with the Debtor or any of its respective predecessors; (vi) Claims or Liens arising under any Environmental Law (as defined in the Agreements) with respect to the business, Excluded Assets or the assets owned or operated by Debtor or any corporate predecessor at any time prior to the Closing Date; (vii) any bulk sales or similar law; (viii) any tax statutes or ordinances, including,

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

1    without limitation, the Internal Revenue Code of 1986, as amended; and (ix) any theories of

2    successor liability.

3        Z.    The Debtor may sell the assets free and clear of all Liens and Claims against the

4    Debtor, its estate or any of the assets (except the Assumed Liabilities) because, in each case, one

5    or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been

6    satisfied.  Those holders of Liens or Claims against the Debtor, its estate, or any of the assets who

7    did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to

8    have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  All other holders of Liens

9    or Claims (except to the extent that such Liens or Claims are Assumed Liabilities) are adequately

10   protected by having their Liens or Claims, if any, in each instance against the Debtor, its estate, or

11   any of the assets, attach to the net cash proceeds of the Sales (excluding amounts held in escrow)

12   ultimately attributable to the assets in which such creditor alleges a Lien or Claims, in the same

13   order of priority, with the same validity, force, and effect that such Liens or Claims had prior to

14   the Sale, subject to any claims and defenses the Debtor and its estate may possess with respect

15   thereto.

16                    **Cure/Adequate Protection**

17       AA.    The cure claims set forth on **Exhibit 3** to Exhibits to Sale Order are fixed in the

18   amounts set forth on **Exhibit 3** .

19       BB.    The assumption and assignment of the Transferred Agreements pursuant to the

20   terms of this Sale Order is integral to the APA and is in the best interests of the Debtor and its

21   estate, its creditors, and all other parties in interest, and represents the reasonable exercise of sound

22   and prudent business judgment by the Debtor.

23       CC.    Any objections to the assumption and assignment of any of the Transferred

24   Agreements to Media.Net are hereby overruled or withdrawn.  Any objections to the Cure Costs

25   are hereby overruled or withdrawn.  To the extent that any counterparty failed to timely object to

26   its Cure Cost or the assumption and assignment of its Transferred Agreement to Media.Net, such

27   counterparty is deemed to have consented to such Cure Cost and the assignments of its respective

28   Transferred Agreement to Media.Net.

DD.    Following the Closing, within 60 days of entry of this Order, Media.Net may provide notice to the Debtor of its intent to assume an executory contract not rejected effective on the Closing Date (each a "Designation Contract").  Upon receipt of such notice, the Debtor shall file on the docket and provide notice (the "Designation Contract Notice") to the relevant contractual counterparty of the Debtor's intent to assume and assign the Designation Contract to Media.Net.  Objections to the assumption and assignment of a Designation Contract on any basis provided under the Bankruptcy Code other than objections to cure costs, must be in writing, state the basis of such objection with specificity, be filed with the Court and be served upon the Notice parties and actually received no later than 14 days following the entry of the Designation Contract Notice on the docket.  If no objection is timely filed, the Debtor is authorized to assume and assign the Designation Contract, free and clear of all Claims, without further order of the Court.  In the event an objection is timely filed, and to the extent there remains an unresolved objection to cure costs, a hearing on the assumption and assignment and disputed cure cost will be held at the next available hearing.

## Compelling Circumstances for an Immediate Sale

EE.    Good and sufficient reasons for approval of the Agreements and the Sale have been articulated.  The relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest.  The Debtor has demonstrated both (i) good, sufficient and sound business purposes and justifications for approving the Agreement and (ii) compelling circumstances for the Sales outside the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a plan of reorganization, in that, among other things, the immediate consummation of the Sales to the Successful Bidders is necessary and appropriate to maximize the value of the Debtor's estate and the Sales will provide the means for the Debtor to maximize distributions to creditors.

FF.    To maximize the value of the assets and preserve the viability of the business to which the assets relate, it is essential that the Sale of the assets occur within the time constraints set forth in the Agreements.  Time is of the essence in consummating the Sales.

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

1    GG.    Given all of the circumstances of this chapter 11 case and the adequacy and fair

2    value of the Purchase Prices under the Agreements, the proposed Sales of the assets to Successful

3    Bidders constitutes a reasonable and sound exercise of the Debtor's business judgment and should

4    be approved.

5    HH.    The Sales does not constitute a *sub rosa* chapter 11 plan for which approval has

6    been sought without the protections that a disclosure statement would afford.  The Sales neither

7    impermissibly restructure the rights of the Debtor's creditors nor impermissibly dictate a

8    liquidating chapter 11 plan for the Debtor.

9    II.    The consummation of the Sales and the assumption and assignment of the

10    Transferred Agreements is legal, valid and properly authorized under all applicable provisions of

11    the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), and

12    365, and all of the applicable requirements of such sections have been complied with in respect of

13    the transaction.

14    **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

15    **General Provisions**

16    1.    The findings and conclusions set forth herein constitute the Court's findings of fact

17    and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this chapter 11 case

18    pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact

19    constitute conclusions of law, they are adopted as such.  To the extent any of the following

20    conclusions of law constitute findings of fact, they are adopted as such.

21    2.    The relief requested in the Sale Motion and the transactions contemplated thereby

22    and by the Agreements are approved as set forth in this Sale Order and on the record of the Sale

23    Motion Hearing, which is incorporated herein as if set forth fully in this Sale Order, and the Sale

24    contemplated thereby is approved.

25    3.    All objections to the Sale Motion or the relief requested therein that have not been

26    withdrawn, waived, or settled by announcement to the Court during the Sale Motion Hearing or by

27    stipulation filed with the Court, including any and all reservations of rights included in such

28    objections or otherwise, are hereby denied and overruled on the merits with prejudice.  Those

-12-

1   parties who did not object or withdrew their objections to the Sale Motion are deemed to have

2   consented pursuant to section 363(f)(2) of the Bankruptcy Code.

3        4.      This Court's findings of fact and conclusions of law set forth in the Bidding

4   Procedures Order are incorporated herein by reference.

5                          **Approval of the Agreements**

6        5.      The APA attached as **Exhibit 1** to the Exhibits to Sale Order and incorporated

7   herein by this reference and all other ancillary documents, and all of the terms and conditions

8   thereof, are hereby approved.

9        6.      The bills of sale attached collectively as **Exhibit 2** to the Exhibits to Sale Order and

10  incorporated herein by this reference and all other ancillary documents, and all other terms and

11  conditions thereof, are hereby approved.

12       7.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtor is

13  authorized and empowered to take any and all actions necessary or appropriate to (i) consummate

14  the Sales pursuant to and in accordance with the terms and conditions of the Agreements, (ii) close

15  the Sales as contemplated in the Agreements and this Sale Order, and (iii) execute and deliver,

16  perform under, consummate, implement, and fully close the Agreements, including the assumption

17  and assignment to Media.Net of the Transferred Agreements, together with all additional

18  instruments and documents that may be reasonably necessary or desirable to implement the

19  Agreements and the Sales.  The Successful Bidders shall not be required to seek or obtain relief

20  from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies

21  under the Agreements or any other Sale related document.  The automatic stay imposed by section

22  362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding

23  sentence and the other provisions of this Sale Order.

24       8.      This Sale Order shall be binding in all respects upon the Debtor, its estate, all

25  creditors of, and holders of equity interests in, any Debtor, any holders of Liens, Claims, or other

26  interests (whether known or unknown) in, against or on all or any portion of the assets, all contract

27  counterparties, the Successful Bidders and all successors and assigns of the Successful Bidders,

28  the assets, and any trustees, if any, subsequently appointed in the Debtor's chapter 11 case or upon

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

1   a conversion to chapter 7 under the Bankruptcy Code of the Debtor's case.  This Sale Order and

2   the Agreements shall inure to the benefit of the Debtor, its estate and creditors, the Successful

3   Bidders, and the respective successors and assigns of each of the foregoing.

4                       **Transfer of the Assets**

5        9.      Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtor

6   is authorized to transfer the assets to each of the Successful Bidders on the Closing Date and such

7   transfers shall constitute a legal, valid, binding, and effective transfers of assets and shall vest

8   Successful Bidders with title to the assets and, upon the Debtor's receipt of the Purchase Prices,

9   other than Assumed Liabilities, shall be free and clear of all Liens, Claims, and other interests of

10   any kind or nature whatsoever, including but not limited to, successor or successor-in-interest

11   liability and Claims in respect of the Excluded Assets, with all such Liens, Claims, or other

12   interests to attach to the net cash proceeds ultimately attributable to the property against or in

13   which such Liens, Claims, or other interests are asserted, subject to the terms thereof, with the

14   same validity, force, and effect, and in the same order of priority, which such Liens, Claims, or

15   other interests now have against the assets, subject to any rights, claims, and defenses the Debtor

16   or its estate, as applicable, may possess with respect thereto, *provided*, that  such Liens, Claims, or

17   other interests will not attach to the cash proceeds of the Sales placed in escrow unless and until

18   such proceeds are released to the Debtor in accordance with the terms of the Agreements and the

19   Escrow Agreement.  Upon the Closing, the Successful Bidders shall take title to and possession of

20   the respective assets subject only to the Assumed Liabilities.

21        10.     To the extent the Sales includes "*Personally Identifiable Information*" (as defined

22   in Section 101(41A) of the Bankruptcy Code), the Sales and the transfer of such information is

23   consistent with the Debtor's privacy policies concerning the transfer of such Personally

24   Identifiable Information.

25        11.     All persons and entities that are in possession of some or all of the assets on the

26   Closing Date are directed to surrender possession of such assets to the Successful Bidders or their

27   assignee at the Closing.  On the Closing Date, each of the Debtor's creditors is authorized and

28   directed to execute such documents and take all other actions as may be reasonably necessary to

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

1  release its Liens, Claims, or other interests in the assets, if any, as such Liens, Claims or interests

2  may have been recorded or may otherwise exist.

3      12.    The Debtor is hereby authorized to take any and all actions necessary to

4  consummate the Agreements, including any actions that otherwise would require further approval

5  by shareholders, members, or its board of directors, as the case may be, without the need of

6  obtaining such approvals.

7      13.    The transfer of the assets to the Successful Bidders pursuant to the Agreements

8  does not require any consents other than as specifically provided for in the Agreements.  On the

9  Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full

10  and complete general assignment, conveyance and transfer of the Debtor's interests in the assets.

11  Each and every federal, state, and local governmental agency or department is hereby directed to

12  accept any and all documents and instruments necessary and appropriate to consummate the

13  transactions contemplated by the Agreements.

14      14.    A certified copy of this Sale Order may be filed with the appropriate clerk and/or

15  recorded with the recorder of any state, county, or local authority to act to cancel any of the Liens,

16  Claims, and other encumbrances of record except those assumed as Assumed Liabilities.

17      15.    If any person or entity which has filed statements or other documents or agreements

18  evidencing Claims or Liens on, or interests in, all or any portion of the assets shall not have

19  delivered to the Debtor prior to the Closing, in proper form for filing and executed by the

20  appropriate parties, termination statements, instruments of satisfaction, releases of liens and

21  easements, and any other documents necessary for the purpose of documenting the release of all

22  Claims, Liens, or interests which the person or entity has or may assert with respect to all or any

23  portion of the assets, the Debtor is hereby authorized and directed, and the Successful Bidders are

24  hereby authorized, on behalf of the Debtor and the Debtor's creditors, to execute and file such

25  statements, instruments, releases and other documents on behalf of such person or entity with

26  respect to the assets; *provided*, that the provisions of this Sale Order authorizing the transfer of the

27  assets free and clear of all Claims and Interests (except only Assumed Liabilities) shall be self-

28  executing, and the Debtor, the Successful Bidders, and creditors shall not be required to execute or

file releases, termination statements, assignments, consents, or other instruments in order for the provisions of this Sale Order to be effectuated, consummated and/or implemented.

16.    On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Debtor's interests in the assets and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the assets to the Successful Bidders.  This Sale Order is and shall be effective as a determination that, on the Closing Date, all Liens, Claims or other interest of any kind or nature whatsoever existing as to the assets prior to the Closing Date, other than Assumed Liabilities, shall have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected.

17.    This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreements.

18.    Subject to the terms, conditions, and provisions of this Sale Order, all persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the assets to the Successful Bidders in accordance with the terms of the Agreements and this Sale Order.

19.    To the greatest extent available under applicable law, the Successful Bidders shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Debtor with respect to the assets, and all such

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

1   licenses, permits, registrations, and governmental authorizations and approvals are deemed to have

2   been, and hereby are, deemed to be transferred to the Successful Bidders as of the Closing Date.

3       20.    To the extent permitted by section 525 of the Bankruptcy Code, no governmental

4   unit may revoke or suspend any permit or license relating to the operation of the assets sold,

5   transferred, or conveyed to the Successful Bidders on account of the filing or pendency of the

6   Debtor's chapter 11 case or the consummation of the transactions contemplated by the

7   Agreements.

8                **Assumption and Assignment of the Transferred Agreements**

9       21.    The Debtor is hereby authorized and directed in accordance with sections 105(a)

10  and 365 of the Bankruptcy Code to (i) assume and assign to Media.Net, effective upon the Closing

11  of the Sale, the executory contracts identified in the "Assumed Contracts" column of **Exhibit 3** to

12  the Exhibits to Sale Order, free and clear of all Liens, Claims, and other interests of any kind or

13  nature whatsoever (other than the Assumed Liabilities), and (ii) execute and deliver to Media.Net

14  such documents or other instruments as Media.Net deems may be necessary or desirable to assign

15  and transfer the Transferred Agreements and Assumed Liabilities to Media.Net.

16      22.    With respect to the Transferred Agreement: (i) the Debtor may assume each of the

17  Transferred Agreements in accordance with section 365 of the Bankruptcy Code; (ii) the Debtor

18  may assign each Transferred Agreement in accordance with sections 363 and 365 of the

19  Bankruptcy Code, and any provisions in any Transferred Agreement that prohibit or condition the

20  assignment of such Transferred Agreement or allow the party to such Contract to terminate,

21  recapture, impose any penalty, condition renewal or extension, or modify any term or condition

22  upon the assignment of such Transferred Agreement, constitute unenforceable anti-assignment

23  provisions which are void and of no force and effect; (iv) all other requirements and conditions

24  under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and

25  assignment to Media.Net of each Transferred Agreement have been satisfied; (v) the Transferred

26  Agreement shall be transferred and assigned to, and following the closing of the Sale, remain in

27  full force and effect for the benefit of Media.Net, notwithstanding any provision in any such

28  Transferred Agreement (including those of the type described in sections 365(b)(2) and (f) of the

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any further liability with respect to the Transferred Agreements after such assumption and assignment to Media.Net; and (vi) upon Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, Media.Net shall be fully and irrevocably vested in all right, title and interest of each Transferred Agreement.

23.    Notwithstanding the foregoing, all executory contracts identified in the "Assumed Contracts" column of **Exhibit 3** are hereby assumed and assigned to Media.Net, without the need to execute assumption and assignment agreements or any other documentation.

24.    Unless otherwise agreed and stated on the record at the Sale Motion Hearing, the respective amounts set forth under the "Cure Costs" column on **Exhibit 3** to the Exhibits to Sale Order reflects the sole amounts necessary under section 365(b) of the Bankruptcy Code to cure all monetary defaults and pay all pecuniary losses under the Transferred Agreement, and no other amounts are or shall be due in connection with the assumption by the Debtor and the assignment to Media.Net of the Transferred Agreement.

25.    The Debtor is authorized to setoff monies owed to the Debtor by Yahoo against the cure claim for the assumption and assignment of the I/Os contract as reflected on **Exhibit 3** to the Exhibits to Sale Order.

26.    Except for a contract counterparty who files or has filed a timely objection to the Cure Cost by November 5, 2015, at 5:00 p.m. (prevailing Pacific Time) (a "Contract Objection"), such counterparty is deemed to have consented to such cure cost.

27.    Except for a contract counterparty who files or has filed a timely Contract Objection to the Debtor's proposed assignment of such Transferred Agreement to Media.Net, such counterparty is deemed to have consented to assumption and assignment, and Media.Net shall be deemed to have demonstrated adequate assurance of future performance with respect to such Transferred Agreement pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

28.    Nothing in this Sale Order, the Sale Motion, or in any notice or any other document is or shall be deemed an admission by the Debtor that any Transferred Agreement is an executory contract or unexpired lease or must be assumed and assigned pursuant to the Agreement or in order to consummate the Sale.

29.    Upon the Debtor's assignment of the Transferred Agreements to Media.Net under the provisions of this Sale Order and any additional orders of this Court and the Debtor's payment of any cure costs pursuant to the terms hereof, no default shall exist under any Transferred Agreement, and no counterparty to any Transferred Agreement shall be permitted (i) to declare a default by Media.Net under such Transferred Agreement or (ii) otherwise take action against Media.Net, as a result of the Debtor's financial condition, bankruptcy, or failure to perform any of its obligations under the relevant Transferred Agreement.  Except insofar as a ontract counterparty has filed or may timely file and prosecute a Contract Objection as provided by the Bidding Procedures Order, each non-Debtor party to a Transferred Agreement hereby is also forever barred, estopped, and permanently enjoined from (i) asserting against the Debtor or Media.Net, or the property of any of them, any default or Claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Closing, or, against Media.Net, any counterclaim, defense, setoff, or any other Claim asserted or assertable against the Debtor and (ii) imposing or charging against Media.Net or its affiliates any rent accelerations, assignment fees, increases, or any other fees as a result of the Debtor's assumption and assignments to Media.Net of the Transferred Agreement.  The validity of such assumption and assignments of the Transferred Agreements shall not be affected by any dispute between the Debtor and any non-Debtor party to a Transferred Agreement relating to such Transferred Agreement's respective Cure Cost.

30.    Except as provided in the Agreement or this Sale Order, after the Closing, the Debtor and its estate shall have no further liabilities or obligations with respect to any Assumed Liabilities and all holders of such Claims are forever barred and estopped from asserting such Claims against the Debtor, its successors or assigns, its property or the assets or estate.

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

31.     The failure of the Debtor or Media.Net to enforce at any time one or more terms or conditions of any Transferred Agreement shall not be a waiver of such terms or conditions, or of the Debtor's and Media.Net's rights to enforce every term and condition of the Transferred Agreements.

**Rejection of Executory Contracts**

32.     The Debtor's interests, if any, in all executory contracts identified as being rejected in the "Rejected" column in **Exhibit 3** to the Exhibits to Sale Order are rejected effective as of the dates set forth in **Exhibit 3**.

**Continuation of hearing on Assumption/Rejection of Certain Contracts**

33.     The hearing on the assumption and/or rejection of all contracts not identified as being "Assumed" or "Rejected" on Exhibit 3 (individually, a "Transition Contract" and collectively, the "Transition Contracts") is hereby continued to January 14, 2016 at 11:00 a.m. ("Continued Hearing"):

34.     Pending the assumption and/or rejection of a Transition Contract, the Debtor shall continue to pay, in the ordinary course of business, all services provided by the respective contracting party pursuant to the terms of such Transition Contract.

35.     With respect to each Transition Contract, Media.Net shall reimburse the Debtor for all Carry Costs (as defined in the APA) that the Debtor accrues in respect of such Transition Contract during the period from the Closing Date to the date that is the earlier of (i) 60 days following the Closing Date, and (ii) the date of the assumption and/or rejection of such Transition Contract.

36.     The Debtor may reject prior to the Continued Hearing its interest, if any, in any of the Transaction Contracts by providing a notice of such rejection to the respective contracting party to the Transition Contract.

**Prohibition of Actions Against the Successful Bidders**

37.     Except for the Assumed Liabilities, or as otherwise expressly provided for in this Sale Order or the Agreements, the Successful Bidders shall not have any liability or other obligation of the Debtor arising under or related to any of the assets.    Without limiting the

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

1    generality of the foregoing, and except as otherwise specifically provided herein or in the

2    Agreement, the Successful Bidders shall not be liable for any Claims against the Debtor or any of

3    its predecessors or affiliates, and the Successful Bidders shall have no successor or vicarious

4    liabilities of any kind or character, including, but not limited to, under any theory of antitrust,

5    environmental, successor, or transferee liability, labor law, de facto merger, mere continuation, or

6    substantial continuity, whether known or unknown as of the Closing Date, now existing or

7    hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or

8    equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of

9    warranties, intercompany loans, and receivables among the Debtor, Environmental Liabilities, and

10    any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to

11    the Debtor, the assets, or the operation of the Debtor's business prior to the Closing Date.

12    38.    Except with respect to the Assumed Liabilities, or as otherwise permitted by the

13    Agreement or this Sale Order, all persons and entities, including, but not limited to, all debt

14    security holders, equity security holders, governmental, tax and regulatory authorities, lenders,

15    trade creditors, litigation claimants, and other creditors, holding Liens, Claims, or other interests

16    of any kind or nature whatsoever against or in all or any portion of the assets (whether legal or

17    equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated

18    or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way

19    relating to the Debtor, the assets, the operation of the Debtor's business prior to the Closing Date,

20    or the transfer of the assets to the Successful Bidders, hereby are forever barred, estopped and

21    permanently enjoined from asserting against the Successful Bidders, any of the foregoing's

22    affiliates, successors, or assigns, their property or the assets, such persons' or entities' Liens,

23    Claims, or interests in and to the assets, including, without limitation, the following actions: (i)

24    commencing or continuing in any manner any action or other proceeding against the Successful

25    Bidders, its Affiliates, its successors, assets or properties; (ii) enforcing, attaching, collecting, or

26    recovering in any manner any judgment, award, decree, or order against the Successful Bidders,

27    each of their Affiliates, their successors, assets or properties; (iii) creating, perfecting, or enforcing

28    any Lien or other Claim against the Successful Bidders, each of their Affiliates, their successors,

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

assets, or properties; (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Successful Bidders, their Affiliates or successors; (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (vi) revoking, terminating or failing or refusing to transfer or renew any license, permit or authorization to operate any of the assets or conduct any of the businesses operated with the assets.  On the Closing Date, each creditor is authorized and directed, and the Successful Bidders are hereby authorized, on behalf of each of the Debtor's creditors, to execute such documents and take all other actions as may be necessary to release Liens, Claims, and other interests in or on the assets (except Assumed Liabilities), if any, as provided for herein, as such Liens, Claims, and other interests may have been recorded or may otherwise exist.

39.    All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the assets to each of the Successful Bidders in accordance with the terms of the Agreements and this Sale Order.

40.    The Successful Bidders have given substantial consideration under the Agreement for the benefit of the Debtor, its estate, and its creditors.  The consideration given by the Successful Bidders shall constitute valid and valuable consideration for the releases of any potential Claims and Liens pursuant to this Sale Order, which releases shall be deemed to have been given in favor of the Successful Bidders by all holders of Liens against or interests in, or Claims against the Debtor or any of the assets.  The consideration provided by the Successful Bidders for the assets under the Agreements is fair and reasonable and, accordingly, the Sales may not be avoided under section 363(n) of the Bankruptcy Code.

### Other Provisions

41.    For the avoidance of doubt, only those Liens, Claims, interests, and other encumbrances in or on the assets being transferred to each of the Successful Bidders pursuant to the Agreements and any ancillary agreements contemplated thereby are being transferred free and

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16

clear pursuant to the terms of this Order, and any and all other assets of the Debtor shall remain subject to all valid pre-existing Liens, Claims, interests and other encumbrances.  Any releases, terminations, termination statements, assignments, consents, or other instruments relating to Liens or other encumbrances in or on the assets shall properly be limited to the assets being transferred to, and Assumed Liabilities being assumed by, the Successful Bidders.

42.    The Debtor is authorized, but not compelled, to pay Fast Pay Partners LLC the undisputed portion of its allowed claim less a holdback for any disputed amounts claimed by the Creditor's Committee or the Debtor.

43.    The consideration provided by the Successful Bidders to the Debtor pursuant to the Agreements for the assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and under the laws of the United States, any state, territory, possession or the District of Columbia.

44.    The transactions contemplated by the Agreements are undertaken by the Successful Bidders without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sales shall not affect the validity of the Sales, unless such authorization and such Sales are duly stayed pending such appeal.  The Successful Bidders are each good faith buyers within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

45.    Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (i) this chapter 11 case, (ii) any subsequent chapter 7 case into which any such chapter 11 case may be converted, or (iii) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the provisions of the Agreements or the terms of this Sale Order.

46.    For cause shown, pursuant to Bankruptcy Rules 6004(h) and 7062(g), this Sale Order shall not be stayed, shall be effective immediately upon entry, and the Debtor and the Successful Bidders are authorized to close the Sales immediately upon entry of this Sale Order.

-23-

47.    No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sales.

48.    The failure to specifically include any particular provision of the Agreements in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreements be authorized and approved in its entirety; *provided*, that this Sale Order shall govern if there is any inconsistency between the Agreements (including all ancillary documents executed in connection therewith) and this Sale Order.  Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.

49.    The Agreements and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

50.    The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Agreements, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Successful Bidders, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to (i) compel delivery of the assets to each of the Successful Bidders, (ii) interpret, implement, and enforce the provisions of this Sale Order; (iii) protect the Successful Bidders against any Liens, Claims, or other interest in or against the Debtor or the assets of any kind or nature whatsoever, attaching to the proceeds of the Sales, and (iv) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to the Transferred Agreements.

51.    Any amounts payable by the Debtor under the Agreements or any of the documents delivered by the Debtor in connection with the Agreements, including, but not limited to, the Expense Reimbursement, shall be paid in the manner provided for in the Bidding Procedures Order, without further order of this Court, shall be an allowed administrative claim in an amount equal to such payments in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code,

-24-

1    shall have the other protections provided in the Bidding Procedures Order, and shall not be

2    discharged, modified, or otherwise affected by any reorganization plan for the Debtor, except by

3    an express agreement with the Successful Bidders, their successors, or assigns.

4        52.    All time periods set forth in this Sale Order shall be calculated in accordance with

5    Bankruptcy Rule 9006.

6        53.    Nothing in this Sale Order or the Agreements (i) releases, nullifies, or enjoins the

7    enforcement of any liability to a governmental unit under police and regulatory statutes or

8    regulations that any entity would be subject to as the owner or operator of property after the date

9    of entry of this Sale Order and (ii) authorizes the transfer or assignment to each of the Successful

10   Bidders of any license, permit, registration, authorization, or approval of or with respect to a

11   governmental unit without Successful Bidders' complying with all applicable legal requirements

12   under non-bankruptcy law governing such transfers or assignments.

13       54.    To the extent that this Sale Order is inconsistent with any prior order or pleading

14   with respect to the Sale Motion in this chapter 11 case, the terms of this Sale Order shall govern.

15                                                                     ####

16

17

18

19

20

21

22

23

24   Date: November 25, 2015                          Scott C. Clarkson
                                                      United States Bankruptcy Judge
25

26

27

28

Order#147330#fa4968b1-01cd-4b66-8d3b-afc55f753a16